```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE         *      MDL DOCKET NO. 2004

TRANSOBTURATOR SLING PRODUCTS     *      Case No. <u>4:08-CV-05010-CDL</u>

LIABILITY LITIGATION              *         Doria v. Mentor Corp.

<u>O R D E R</u>

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 39). The parties agree that Plaintiffs' claim for "Product Defect" should be read as a product liability claim under the New Jersey Products Liability Act ("NJPLA") and that Plaintiffs' claims for breach of warranty and negligence are subsumed within the NJPLA claim. The parties also agree that Plaintiffs' allegations regarding fraud on the Food and Drug Administration should be stricken. The only remaining question for the Court is whether Plaintiff's punitive damages claim is authorized under New Jersey law. The Court finds that it is not.

Under the NJPLA, punitive damages generally are not permitted in product liability actions regarding medical devices approved by the federal Food and Drug Administration ("FDA"):

> Punitive damages shall not be awarded if a drug or device or food or food additive which caused the claimant's harm was subject to premarket approval or licensure by the federal Food and Drug Administration under the "Federal Food, Drug, and Cosmetic Act," 52 Stat. 1040, 21 U.S.C. § 301 et seq. or the "Public Health Service Act," 58 Stat. 682, 42 U.S.C. § 201 et seq. and was approved or licensed; or is generally recognized as safe and effective pursuant to conditions established by the federal Food and Drug

>    Administration and applicable regulations, including
>    packaging and labeling regulations.

N.J.S.A. § 2A:58C-5.  However, a statutory exception exists within the NJPLA:

>    [W]here the product manufacturer knowingly withheld or
>    misrepresented information required to be submitted under
>    the agency's regulations, which information was material
>    and relevant to the harm in question, punitive damages may
>    be awarded.

*Id.* Notwithstanding this statutory exception, a New Jersey appellate court has ruled that the exception is preempted by federal law, and that punitive damages are not available under the NJPLA. *McDarby v. Merck & Co., Inc.*, 949 A.2d 223, 271-76 (N.J. Super. Ct. App. Div. 2008) (basing ruling on *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001) and distinguishing *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2d Cir. 2006), *aff'd without opinion*, *Warner-Lambert Co. v. Kent*, 128 S. Ct. 1168 (2008) (per curiam)).  Accordingly, the Court concludes that New Jersey law does not permit an award of punitive damages in this action.  Therefore, Defendant's motion to dismiss Plaintiff's punitive damages claim (Doc. 39) is granted.

IT IS SO ORDERED, this 24th day of August, 2009.

S/Clay D. Land
    CLAY D. LAND
UNITED STATES DISTRICT JUDGE

2