IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL DOCKET NO. 2004 |
| TRANSOBTURATOR SLING PRODUCTS | * | Case No. 4:08-CV-05010-CDL |
| LIABILITY LITIGATION | * | Doria v. Mentor Corp. |

O R D E R

On August 24, 2009, the Court dismissed Plaintiff's claim for punitive damages, finding that the claim was not authorized under New Jersey law. Plaintiff now moves to vacate that order, arguing that the punitive damages provision of the New Jersey Products Liability Act ("NJPLA") does not reach a product like the Mentor ObTape Transobturator Sling ("ObTape"). As discussed below, the Court grants Plaintiff's Motion to Vacate (Doc. 77) and reserves for the New Jersey court the question whether ObTape is covered by the NJPLA's punitive damages provision.

Under the NJPLA, punitive damages are generally not permitted in product liability actions regarding medical devices approved by the federal Food and Drug Administration ("FDA"). *See* N.J.S.A. § 2A:58C-5. In reaching its initial conclusion that Plaintiff's punitive damages claim was barred by the NJPLA, the Court was under the impression that ObTape was approved by the FDA within the meaning of the NJPLA's punitive damages provision. Plaintiff now argues that it was not. Specifically, Plaintiff asserts that the New Jersey statute is limited to specific categories of devices: (1) devices subject to

and approved via the FDA's pre-market approval process, and (2) devices generally recognized as safe and effective pursuant to the FDA's regulations, including packaging and labeling regulations. *See id.* Plaintiff contends that ObTape is neither because it went through the FDA's pre-market notification process, which is different than the pre-market approval process, and because the FDA has not recognized ObTape as safe and effective. Mentor asserts that Plaintiff waived this argument because, prior to filing her Motion to Vacate, Plaintiff did not argue that ObTape is not covered by the NJPLA's punitive damages provision. While it would have been useful for the Court to be aware of Plaintiff's position that ObTape is not an FDA-approved medical device prior to ruling on Mentor's Motion to Dismiss, the Court declines to decide this issue on waiver grounds.[1]

Mentor also contends that Plaintiff's Motion to Vacate should be denied because ObTape is an FDA-approved medical device within the meaning of the punitive damages provision of the NJPLA. Plaintiff argues that it is not. The resolution of this issue depends on an interpretation of New Jersey law. Because Mentor's motion to dismiss the punitive damages claim is not dispositive of the case, the Court

---

[1] The briefing of the initial motion to dismiss was unusual in that the parties reached an agreement on most of the issues raised by Mentor's motion to dismiss after each party filed its initial brief. In a short joint reply, the parties agreed that the only remaining topic of disagreement was Plaintiff's punitive damages claim, which Plaintiff had summarily argued in her initial brief was authorized under *both* the NJPLA and the New Jersey Punitive Damages Act. None of the parties' briefs contained a substantive discussion of the latter argument, so the Court did not address it in its order on Mentor's motion to dismiss.

concludes that the question whether ObTape is covered by the punitive damages provision of the NJPLA should be reserved for the New Jersey court, which can address this issue as necessary when the case is eventually transferred back to it.

IT IS SO ORDERED, this 24th day of November, 2009.

                                              S/Clay D. Land
                                                   CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE